UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRCLIC, INC.<br>        Plaintiff,<br><br>v.<br><br>NEOMEDIA TECHNOLOGIES, INC.<br>        Defendant. | CIVIL ACTION<br><br>NO. 01-5497 |

## ORDER

**AND NOW**, this \_\_\_\_\_ day of _____, 2004, upon consideration of Plaintiff AirClic Inc.'s ("AirClic") Motion to Re-Open, Defendant NeoMedia Technologies, Inc.'s ("NeoMedia") response thereto, and the arguments of counsel, it is hereby **ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that NeoMedia shall file its Answer to the Complaint within twenty (20) days from the date of this Order.

**IT IS FURTHER ORDERED** that any claims against AirClic for alleged patent infringement, that were raised as part of a Second Filed Federal Complaint that was filed by NeoMedia in the United States District Court for the Northern District of Illinois, Case No. 04C-0566, shall be alleged as a Counterclaim against AirClic at the time NeoMedia files its Answer to the Complaint.

---
                          POLLAK, S.J

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRCLIC, INC.,<br>　　　Plaintiff, | CIVIL ACTION |
| v. | NO. 01-5497 |
| NEOMEDIA TECHNOLOGIES, INC.,<br>　　　Defendant. | |

## PLAINTIFF AIRCLIC INC.'S MOTION TO RE-OPEN

Plaintiff AirClic Inc. respectfully requests that this Court re-open this matter, which was dismissed by Order of this Court dated September 18, 2002, pursuant to Local Civil Rule 40.1(b)(3)(A) and for the reasons further advanced in the attached memorandum of law.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　BUCHANAN INGERSOLL PC

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Howard D. Scher
　　　　　　　　　　　　　　　　Craig D. Mills
　　　　　　　　　　　　　　　　Paul D. Weiner
　　　　　　　　　　　　　　　　1835 Market Street, 14th Floor
　　　　　　　　　　　　　　　　Philadelphia, PA  19103
　　　　　　　　　　　　　　　　(215) 665-8700

　　　　　　　　　　　　　　　　Attorneys For Plaintiff-Movant AirClic Inc.

Dated:  March 2, 2004

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIRCLIC, INC.<br>　　　　Plaintiff, | CIVIL ACTION |
| v. | NO. 01-5497 |
| NEOMEDIA TECHNOLOGIES, INC.<br>　　　　Defendant. | |

### PLAINTIFF AIRCLIC INC.'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO RE-OPEN

Plaintiff AirClic Inc. ("AirClic") respectfully submits this Memorandum of Law in support of its Motion to Re-open this matter pursuant to Local Civil Rule 40.1(b)(3)(A).

### INTRODUCTORY STATEMENT

By this motion, AirClic asks this Court to reopen its declaratory judgment action against defendant NeoMedia Technologies, Inc. (the "Declaratory Judgment Action"), which this Court dismissed in September 2002 based in part on a finding that there was no actual or imminent case or controversy between the parties over the three NeoMedia patents-in-suit. At the time, NeoMedia repeatedly denied the existence of such a dispute, despite having engaged in a course of conduct that led AirClic reasonably to fear that NeoMedia intended to file suit against it for infringing these patents. In response, AirClic suggested that NeoMedia's disavowals were disingenuous, and were only made to avoid this Court's jurisdiction. AirClic predicted that NeoMedia, having escaped from this District, would then file an action on the same patents-in-suit in a venue more to its liking.

AirClic's fears have proven unfortunately prescient. In January 2004, just over a year after this Court dismissed the Declaratory Judgment Action, and only weeks after a related

Pennsylvania state court action that also involved NeoMedia's patents was settled and marked discontinued, NeoMedia sued AirClic in the Northern District of Illinois for allegedly infringing the same three patents that formed the basis for the Declaratory Judgment Action, as well as one other patent. NeoMedia's suit (the "Second Filed Infringement Action") does not claim that the alleged infringing activity began only after this Court dismissed the Declaratory Judgment Action, or that NeoMedia was unaware of the supposed infringement during the pendency of this case. On the contrary, it is plain from the face of the Second Filed Infringement Action that the challenged conduct was ongoing and well known to NeoMedia even as it was denying the existence of any actual or imminent controversy over these same patents in pleadings submitted to this Court.

AirClic has moved to dismiss the Second Filed Infringement Action for lack of personal jurisdiction. In the alternative, AirClic has moved to transfer the Second Filed Infringement Action to this Court under this District's Local Rule 40.1 as well as a similar Northern District Local Rule, and as a matter of convenience and economy. The judge before whom the Second Filed Infringement Action is pending, the Honorable Charles P. Kocoras, Chief Judge of the United States District Court for the Northern District of Illinois, has advised he will rule on AirClic's motion by April 22, 2004. In the interim, AirClic moves this Court to reopen the Declaratory Judgment Action and to consolidate the Second Filed Infringement Action therewith as a related case under Local Rule 40.1(b)(3)(A). AirClic respectfully submits that, because NeoMedia's former denials of any case or controversy regarding these patents were inaccurate at best, and it is now beyond dispute that a live dispute exists between the parties concerning NeoMedia's patents; because substantial discovery on these patents has already been taken in this District in this and in the related state court case; because this Court is already familiar with this

dispute, and because the Second Filed Infringement Action should be treated as a related case under Rule 40.1(b)(3)(A), the Court should reopen this matter and consolidate the Second Filed Infringement Action with it when, as AirClic expects, Judge Kocoras dismisses the Second Filed Infringement Action from the Northern District of Illinois, or transfers it to this District.

## PROCEDURAL HISTORY AND FACTS

AirClic filed this action on October 20, 2001, seeking a declaration that three of NeoMedia's patents -- referred to in the Complaint as the *Durst* Patents and the *Hudetz* Patent, U.S. Patent Nos. 5,933,829; 6,108,656; and 6,199,048 -- were void and unenforceable. A copy of the Complaint in the Declaratory Judgment Action is attached hereto as Exhibit 1.[1] In that Complaint, AirClic stated that it had learned of the invalidity of these patents while conducting due diligence regarding a proposed strategic transaction between it and NeoMedia. AirClic and NeoMedia both conduct business in the area of wireless technology utilizing bar code scanners, and both companies hold patents in this field. Historically, their competing patents have created uncertainty in the industry concerning both common industry standards and potential infringement, fueled in part by NeoMedia's claims that AirClic or any other company doing business in this field required a license from NeoMedia under its patents to do so legally. Accordingly, one of the express purposes of the proposed strategic alliance between the companies was to "clarify the IP landscape so that all players in the global industry will be able to obtain licensing rights to IP owned by NeoMedia and AirClic." Complaint, ¶ 14.

During the course of due diligence into NeoMedia's intellectual property portfolio -- and only after already having loaned NeoMedia $500,000 as the first installment of a proposed $2 million in bridge financing -- AirClic discovered that the *Durst* Patents and the *Hudetz* Patent

---

[1] Due to their volume, all pleadings are attached without exhibits. Upon request, AirClic will promptly provide copies of all exhibits to the Court.

were invalid for a number of reasons, including failure to disclose prior art. These defects in NeoMedia's intellectual property not only destroyed the primary justification for the proposed strategic transaction, but also constituted a breach of the Promissory Note under which AirClic had loaned the initial $500,000 to NeoMedia.

Thus, AirClic broke off negotiations regarding the strategic transaction and demanded the return of its money. When NeoMedia refused to return the $500,000, AirClic brought suit in Montgomery County (the "State Court Action") to recover the loan amount under a breach of contract theory. The Complaint in the State Court Action alleged that NeoMedia had breached several of the representations and warranties supporting the Note by, among other things, claiming that its intellectual property was "unencumbered" when in fact the *Durst* and *Hudetz* Patents were not only encumbered, but invalid. A copy of the Complaint in the State Court Action is attached hereto as Exhibit 2.

In its Answer to the State Court Action, NeoMedia asserted that the challenged patents were fully valid and enforceable. Moreover, NeoMedia formally alleged what it had been saying to potential customers of NeoMedia and AirClic technology for some time; that is, that "any entity that desires to use the Connection Technology[2] must obtain a license from NeoMedia, or possibly from both NeoMedia and AirClic." *See* Answer, New Matter and Counterclaim of Defendant NeoMedia Technologies (copy attached as Exhibit 3) at ¶ 71. Thus, NeoMedia's pleadings in the State Court Case squarely put in play both the validity of its patents and the acknowledged business uncertainty about the conflict between its patents and AirClic's patents.

---

[2] NeoMedia broadly defined "Connection Technology" to include "using wireless devices, such as cellular phones and PDAs, scanning devices, RFID, bar codes, voice and manual activation to allow users to connect directly to internet websites." Exhibit 3, ¶ 71.

Because the validity of NeoMedia's patents was a matter for this Court's exclusive jurisdiction, AirClic filed the Declaratory Judgment Action to resolve the apparent dispute between the parties on this issue. Reversing course, NeoMedia moved to dismiss the Declaratory Judgment Action for lack of subject-matter jurisdiction. NeoMedia claimed that the Declaratory Judgment Action did not "arise under" the patent laws because the dispute between the parties arose over the claimed breach of several representations made in the Note, only one of which involved the issue of NeoMedia's patents, and none of which required a finding of invalidity to support. *See* NeoMedia's Motion to Dismiss, (copy attached as Exhibit 4 hereto) at pp. 9 - 10. NeoMedia also argued that the case should be dismissed because there was no actual or imminent case or controversy between the parties regarding the validity or infringement of NeoMedia's patents, as NeoMedia had neither sued AirClic nor expressly threatened to do so, stating:

> [T]he actual controversy requirement precludes any judicial declaration regarding the validity or enforceability of a patent absent an objectively reasonable apprehension of an infringement suit. . . .
>
> . . .
>
> The application of the actual controversy requirement is simple here. NeoMedia has not brought a patent infringement suit against AirClic, nor has it threatened such course of action. . . . The absence of a federal controversy further warrants dismissal of the Complaint.

*See* Exhibit 4, p. 13. *See also* Reply Memorandum in Further Support of NeoMedia's Motion to Dismiss (copy attached as Exhibit 5) at p. 5 and n.4 (refusing to stipulate that AirClic's business activities did not infringe its patents; claiming that NeoMedia could not be asked to stipulate "to a course of conduct it knows nothing about"). NeoMedia also asserted that venue for any suit

5

over the validity of the patents-in-suit would only be proper in Florida. *See* Exhibit 4, p. 14; Exhibit 5, p. 7.

Surprised by NeoMedia's abrupt denial of a controversy that it had stirred for some time in the marketplace, and had now formally asserted in a court pleading, AirClic noted that it had the right to prosecute the Declaratory Judgment Action in the appropriate forum, but that "[i]t now appears that NeoMedia's goal is to avoid having *any* court address the merits of AirClic's patent validity claim -- at least until the day that NeoMedia sues AirClic for patent infringement in a venue more to its liking." *See* AirClic's Sur-Reply in Opposition to Motion to Dismiss (copy attached as Exhibit 6) at p.2.

That day was not long in coming. On January 26, 2004 -- sixteen months after this Court dismissed the Declaratory Judgment Action, and only five weeks after the State Court action in Montgomery County was marked settled and discontinued[3] -- NeoMedia filed the Second Filed Infringement Action in the Northern District of Illinois. The Second Filed Infringement Action (copy attached as Exhibit 10) is based on the same *Durst* and *Hudetz* Patents at issue in the Declaratory Judgment Action, as well as one other patent. Exhibit 10, ¶¶ 7 - 11. Nowhere in the Second Filed Infringement Action does NeoMedia indicate that the alleged infringing activity began after the Declaratory Judgment Action was dismissed, or that NeoMedia only learned of the alleged infringement after that time. On the contrary, NeoMedia's allegations are based on

---

[3]   The State Court Action changed course dramatically and came to a quick ending when, after the Court dismissed the Declaratory Judgment Action, NeoMedia abruptly conceded that it owed AirClic the $500,000 claimed in the State Court Complaint, admitted that it had not paid over that amount previously because it simply did not have the money to do so, and offered to pay that money into the Montgomery County Court. *See* NeoMedia's Motion for Leave of Court to Deposit Monies with the Prothonotary Pending Disposition, ¶¶ 7, 8 (copy attached as Exhibit 7). The State Court Action settled shortly thereafter upon NeoMedia's payment of the principal and interest due under the Note, together with a portion of AirClic's attorney fees, and dismissal, with prejudice, of several Counterclaims it had asserted against AirClic. NeoMedia announced some, but not all, of the terms of that settlement in a rather self-serving press release, entitled "NeoMedia Settles With AirClic, Pays Off Loan To Free Patents From Security Agreement," dated December 8, 2003 (copy attached as Exhibit 8). The pleadings dismissing that case were filed on December 11 and 12, 2003. *See* Exhibit 9.

AirClic's core technology and business activity, which pre-dated the Declaratory Judgment Action and of which NeoMedia was clearly well aware. For example, in the Second Filed Infringement Action NeoMedia alleges that AirClic's infringing activity includes the manufacture, use and sale of "…technology that allows customers to use a built-in UPC bar code scanner to scan individual items and access information, such as advertiser services…" Exhibit 10, ¶ 13; *compare* Exhibit 3 (NeoMedia's original Answer, New Matter and Counterclaim in the State Court Action, dated October 2001) at ¶ 71 (describing AirClic's business as "focused on using wireless devices such as cellular phones, scanning devices and bar codes to allow users to connect to their business and consumer applications").

Surprisingly, although NeoMedia represented to this Court that the proper venue for any action involving the *Durst* and *Hudetz* Patents was in its home district, the Middle District of Florida,[4] NeoMedia filed the Second Filed Infringement Action in the Northern District of Illinois, which has no connection to either the patents or the substantive business activity of either company.[5] In fact, the only thing in that District which appears to have any connection to that case is the offices of NeoMedia's Chicago-based counsel.

AirClic, which does no business in and has no connection to the Northern District of Illinois, has moved to dismiss the claims raised against it in the Second Filed Infringement

---

[4] *See* Memorandum of Law in Support of NeoMedia's Motion to Dismiss (Exhibit 4) at p. 14.
[5] The Second Filed Infringement Action also raises separate and distinct claims of infringement against two other defendants: ScanBuy, Inc. which is incorporated and maintains its principal place of business in New York; and LScan Technologies which is incorporated in Delaware, and maintains its principal place of business in Conshohocken, Pennsylvania. Neither of these two companies has any connection to AirClic, nor do their alleged infringing activities have any connection to AirClic's supposed infringement. Rather, NeoMedia has improperly lumped together in one Northern District of Illinois lawsuit what should have been filed as three separate suits in the Southern District of New York and the Eastern District of Pennsylvania. Defendant ScanBuy has already moved to dismiss the claims against it based upon a lack of personal jurisdiction in the Northern District of Illinois, or in the alternative to transfer those claims to the Southern District of New York.

Action for lack of personal jurisdiction or, in the alternative, to return those claims to this Court based on public polices of having related cases assigned to the same judge, as codified in the Local Rules of this Court and the Northern District of Illinois, and against playing "fast and loose with the Court" by contradicting an earlier representation to a Court to obtain a strategic advantage, and on the grounds of *forum non conveniens*. For the Court's convenience, a copy of the Memorandum of Law in Support of AirClic's Motion is attached as Exhibit "11." Chief Judge Kocoras, who presides over the Second Filed Infringement Action, has issued a Scheduling Order indicating that he will rule on AirClic's motion to dismiss or to transfer by April 22, 2004.

AirClic should be allowed to proceed with its first filed case concerning NeoMedia's patents now that NeoMedia has conceded a "case or controversy" exists between the parties concerning NeoMedia's patents. AirClic also anticipates that NeoMedia may attempt to involve a third forum in this dispute, by refiling the Second Filed Infringement Action in Florida if Chief Judge Kocoras dismisses that action as to AirClic. Accordingly, AirClic now brings this Motion to Re-Open to preempt what AirClic suspects will be NeoMedia's next attempt at forum-shopping; to make the Court aware of NeoMedia's not-so-very-surprising about-face; and to request that the Court re-open this matter so that, should Chief Judge Kocoras dismiss the Second Filed Infringement Action as to AirClic, AirClic's claims in this case, as well as NeoMedia's claims of alleged infringement, will be adjudicated in the forum in which the dispute between the parties concerning NeoMedia's patents began and in which they belong.

## ARGUMENT

1. **The Court's Rationale for Dismissing This Action For Lack of Subject Matter Jurisdiction No Longer Pertains**

The Court's Order finding that it lacked subject matter jurisdiction over this suit (copy attached as Exhibit 12) was based on two grounds: first, that the Declaratory Judgment Action did not "arise under" the patent laws, because it was merely ancillary to the State Court Action, which in turn was a state-law claim for breach of contract that did not necessarily turn on a finding of patent invalidity; and second, that there was no actual or imminent case or controversy between the parties concerning the patents-in-suit. Neither of these grounds still pertains.

First, the State Court Action has since been resolved. There are no state-law claims to cloud, much less overshadow, what now stands clear as a purely federal action "arising under" federal patent laws. Second, NeoMedia has now admitted what AirClic alleged before this Court in opposing NeoMedia's motion to dismiss the Declaratory Judgment Action; namely, that there is an actual dispute between AirClic and NeoMedia concerning the patents-in-suit. Accordingly, there is no doubt that the Court may exercise subject matter jurisdiction over this case -- just as AirClic submits there is no doubt that the Court *should* exercise such jurisdiction.

Thus, AirClic request that the case be re-opened so AirClic can proceed with the claims it has alleged against NeoMedia.

2. **The Second Filed Infringement Action Should Be Returned to This District and This Court as a "Related Case" Under Local Civil Rule 40.1**

Local Civil Rule 40.1(b)(3)(A) of the Eastern District of Pennsylvania provides that:

> Civil cases are deemed related when a case filed relates to property
> included in another suit, or involves the same issue of fact or

9

grows out of the same transaction as another suit, or involves the validity or infringement of a patent involved in another suit.[6]

This Rule requires counsel filing a "related case" within one year of the dismissal of another case to indicate that fact on the Civil Cover Sheet, so that the matter may be exempt from the random assignment system and referred to the Court that presided over the related matter. Local Civil Rule 40.1(c)(1). The related case rule "is intended to foster judicial economy by allowing one judge to consider all actions arising out of the same transaction, while avoiding any possible confusion and prejudice that might befall parties if they were directed to the same judge but were pursuing dissimilar actions." *Sellers v. City of Philadelphia*, Nos. Civ.A. 01-3760, 01-3804, 01-3888, 2002 WL 32348499 (E.D.Pa. 2002) (Pollak, J.) (finding that claims alleged in second-filed lawsuit "grow out of the same transaction" as those alleged in a prior suit even though, "[o]f course, the cases are hardly identical," where "the core of similarities among the three cases is of the degree and nature contemplated by Rule 40.1").

Here, there is no doubt that the Second Filed Infringement Action is a "related case" under Local Civil Rule 40.1(b)(3)(A), as it "involves the validity or infringement of a patent involved in" the Declaratory Judgment Action; in fact, of three such patents. Moreover, the nature of AirClic's alleged infringing conduct -- the manufacture and sale of devices that allow

---

[6] Perhaps not surprisingly, the Northern District of Illinois has a nearly identical rule, Local Rule 40.3(b), which provides for "Direct Assignment of Cases" as follows:

> TO SPECIFIC JUDGE. In each of the following instances, the assignment clerk shall assign the case to a judge in the manner specified....
>
> (2) *Re-filing of Cases Previously Dismissed.* When a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned.

customers to access information through bar code scanners and UPC codes -- is the same activity in which AirClic was engaged at the time it brought the Declaratory Judgment Action. AirClic's supposedly infringing conduct utilizes the same technology it has always employed, and which NeoMedia classed within the "Connection Technology" for which AirClic allegedly needed a license from NeoMedia to use when answering the State Court Action.

Thus, all of the public policy regarding efficiency and judicial economy underlying the related case rule dictate that this matter be re-opened, and the Second Filed Infringing Action be either consolidated with it or entered in the nature of a counterclaim. This Court has already familiarized itself with the nature of this dispute, having parsed through the parties extensive briefing on NeoMedia's motion to dismiss and issued a detailed Order on that motion. Moreover, as detailed on pages 6, 11, and 21 - 22 of AirClic's Motion to Dismiss the Second Filed Infringement Action (Exhibit 11), the parties conducted substantial discovery on these same patent issues in this District as part of the State Court Action before this matter was dismissed, and before NeoMedia abruptly conceded liability under and a willingness to pay the Note.

AirClic submits that this case should be re-opened to foster another, equally important policy -- that of discouraging forum-shopping. NeoMedia's express and voluntary assertion in the State Court Action that "any entity that desires to use the Connection Technology must obtain a license from NeoMedia, or possibly from both NeoMedia and AirClic" created a reasonable apprehension in AirClic that NeoMedia intended to sue it for patent infringement. Yet, when AirClic intended to bring this issue to a decision and eliminate the cloud of uncertainty that NeoMedia thus hung over AirClic's intellectual property, NeoMedia denied any actual case or controversy, while at the same time coyly refusing to stipulate that AirClic's then-

current conduct did not constitute infringement. Having successfully escaped this Court's jurisdiction, and only weeks after concluding the State Court Action by belatedly paying AirClic funds that it publicly acknowledged were overdue, NeoMedia has launched a claim based upon precisely the same patents at issue in the Declaratory Judgment Action, and based on exactly the same conduct then existing, but which it disingenuously denied created an actual or imminent controversy between the parties.

In short, NeoMedia has apparently engaged in exactly the type of procedural gamesmanship and forum-shopping of which AirClic accused it a year ago: telling this Court a "case or controversy" did not exist between the parties concerning NeoMedia's patents to escape this Court's jurisdiction, only to spring claims upon AirClic based on the same patents and conduct in a forum chosen by NeoMedia (indeed, a forum which has no relation to AirClic, NeoMedia's activities concerning the patents-in-suit, or the activities which give rise to the parties' disputes concerning NeoMedia's patents). Such conduct should not be condoned. As detailed on pages 25-26 of AirClic's Motion to Dismiss the Second Filed Infringement Action (Exhibit 11), litigants are not allowed to play "fast and loose" with the Courts by contradicting themselves in subsequent legal proceedings to obtain a strategic advantage. Thus, should Chief Judge Kocoras grant AirClic's motion to dismiss, or in the alternative, to transfer the Second Filed Infringement Action, that case should be returned to this Court -- the Court where the disputes between the parties concerning NeoMedia's patents began, where the Second Filed Infringement Action belongs, and where it may be litigated with the maximum expedience and efficiency.

## CONCLUSION

NeoMedia denied the presence of a then-existing case or controversy between AirClic and NeoMedia surrounding its patents in order to escape this Court's jurisdiction, and thus denied AirClic both the opportunity to litigate the issue of the validity of those patents in a proper forum of its choosing and the chance to remove the business uncertainty that NeoMedia had, by its conduct, created concerning the parties' intellectual property and commercial rights.  NeoMedia has now filed suit over precisely these same patents and this same conduct in a jurisdiction of its own choosing (which has no relation to the parties, the patents-in-suit, or the conduct giving rise to the parties' patent disputes) just as AirClic had predicted it would.  As a matter of local procedure, of judicial economy, and of equity, and to discourage the type of procedural gamesmanship in which NeoMedia appears to have engaged, AirClic requests that the Court re-open this matter and consolidate NeoMedia's claims therewith when, as AirClic anticipates, the Second Filed Infringement Action is dismissed or transferred from the Northern District of Illinois.

                Respectfully submitted,

                **BUCHANAN INGERSOLL PC**

                _____
                Howard D. Scher
                Craig D. Mills
                Paul D. Weiner
                1835 Market Street, 14th Floor
                Philadelphia, PA  19103
                (215) 665-8700

                **Attorneys For Plaintiff-Movant AirClic Inc.**

Dated:  March 2, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2004, I caused a copy of the foregoing Motion to be served by FedEx upon the following:

>Jeffrey A. Pine, Esquire
>Baniak Pine & Gannon
>150 N. Wacker Drive, Suite 1200
>Chicago, IL 60606

_____
Paul D. Weiner